IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARDINAL BRANDS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-2370 CM/JPO |
| | ) |
| BEAUX-MERZON INC., | ) |
| | ) |
| Defendant. | ) |

## **COMPLAINT**

Cardinal Brands, Inc. for its Complaint against defendant Beaux-Merzon, Inc., states as follows:

### **The Parties**

1. Plaintiff Cardinal Brands, Inc. ("Cardinal Brands") is a Nevada corporation with its principal place of business located at 643 Massachusetts Street, Suite 200, Lawrence, Kansas 66044.

2. Cardinal Brands is in the business of selling business forms, stationery and office supplies to distributors and retailers, its product line including expandable envelopes, file pockets and file folders.

3. Cardinal Brands sells its products in all 50 states of the United States.

4. Defendant Beaux-Merzon, Inc. ("Beaux-Merzon") is a New York corporation with its principal place of business located at 1050 Valley Brook Avenue, Lyndhurst, New Jersey 07071. Beaux-Merzon does business in the United States under the name Case It.

**Jurisdiction and Venue**

5. This is an action for trademark infringement, unfair competition and false designation of origin arising under the Lanham Act (15 U.S.C. §§ 1051, et seq.), and for trademark infringement and unfair competition under the laws of the state of Kansas.

6. Because this action arises under the Lanham Act, this Court has original jurisdiction under 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331 and 1338(a). This Court has jurisdiction over the claims brought under state law pursuant to 28 U.S.C. §1338(b) and 28 U.S.C. §1367(a).

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c).

**The Facts**

8. Cardinal Brands and its predecessors in interest has used and is presently using the trademark ACCORDION in interstate commerce in the United States in conjunction with the sale of expanding envelopes, file pockets and file folders.

9. Cardinal Brands, through its predecessors in interest has used the mark ACCORDION for approximately 50 years and obtained federal registration of the mark ACCORDION on January 13, 1976. A copy of Federal Registration No. 1,030,041 is attached hereto as Exhibit A. This registration is incontestable under the provisions of 15 U.S.C. §1065.

10. Cardinal Brands and its predecessors in interest have expended substantial amounts of money, time and effort to promote the ACCORDION brand of office supply products.

11. Cardinal Brands and its predecessors in interest have sold in excess of $500 million in products under the ACCORDION trademark over the past half century of use. As a result of the continuous marketing and sales of ACCORDION brand products Cardinal Brands

has not only generated hundreds of millions of dollars in revenue but has also developed substantial goodwill and a good reputation associated with the ACCORDION trademark.

12. The ACCORDION trademark has become, through widespread and favorable acceptance and recognition, an asset of substantial value for Cardinal Brands as a symbol of quality merchandise in the office supply field.

13. Cardinal Brands has consistently utilized the ® symbol in displaying the ACCORDION trademark and is therefore entitled to the benefits of 15 U.S.C. § 1111.

14. Plaintiff has diligently policed the trademark ACCORDION and has pursued previous infringers to the extent necessary to terminate unauthorized use of the trademark. Cardinal Brands rights in the trademark ACCORDION have been recognized by national retailers such as Staples.

15. Beaux Merzon has used the mark ACCORDION in conjunction with sale of office supply products, including three-ring binders which incorporate expanding envelopes.

16. The products of Cardinal Brands sold under the trademark ACCORDION and the products of Beaux-Merzon which utilize the infringing mark ACCORDION are both offered to the general public through retail stores and thus travel through identical channels of trade to the same ultimate purchasers.

17. The past and continued use of Cardinal Brands' ACCORDION trademark by Beaux-Merzon is likely to cause consumer confusion, deception and mistake in the marketplace.

18. Cardinal Brands has demanded that Beaux-Merzon cease using the ACCORDION trademark but Beaux-Merzon has indicated that it will not terminate its use.

19. Beaux-Merzon's unauthorized use of the registered trademark ACCORDION has caused injury to Cardinal Brands and will cause further irreparable injury if such use is not restrained by the Court.

## COUNT I:
## FEDERAL TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114

20.     Paragraphs 1 through 19 are incorporated by reference as though fully set forth herein.

21.     Beaux-Merzon's unauthorized use of the ACCORDION trademark in connection with the sale and offering for sale of office supplies constitutes an infringement of Cardinal Brands' federally registered trademark, in violation of 15 U.S.C. §1114(1).

22.     Beaux-Merzon's infringing acts have damaged Cardinal Brands and will, unless restrained by this Court, further irreparably damage Cardinal Brands and the goodwill associated with its trademark.

## COUNT II:
## FEDERAL UNFAIR COMPETITION
## 15 U.S.C. § 1125(a)

23.     The allegations of paragraphs 1 through 22 above are incorporated by reference as though fully set forth herein.

24.     Beaux-Merzon's use of the mark ACCORDION for office products is likely to cause confusion, mistake or deception as to the source of origin, sponsorship or approval of these products.

25.     Customers and potential customers familiar with Cardinal Brands' product line sold under the ACCORDION registered trademark will be likely to believe, and would be justified in so believing, that Beaux-Merzon's products utilizing the infringing trademark ACCORDION were provided under the sponsorship of or in affiliation with Cardinal Brands.

26.     The use of the mark ACCORDION by Beaux-Merzon is a false designation or misleading description of fact and/or false or misleading representation of fact under 15 U.S.C. § 1125(a)(1). It wrongfully and falsely indicates that ACCORDION products which Beaux-

Merzon sells originate from or are in some way connected with Cardinal Brands when in fact they are not.

27.     Beaux-Merzon's actions as set forth in paragraphs 23 through 26, constitute unfair competition in violation of 15 U.S.C. § 1125(a).

28.     Beaux-Merzon's conduct as set forth in paragraphs 23 through 26 has damaged Cardinal Brands and will, unless restrained by this Court, further impair and damage the goodwill and good reputation of Cardinal Brands in its ACCORDION product line.

## COUNT III:
## STATE COMMON LAW UNFAIR COMPETITION

29.     The allegations of paragraphs 1 through 28 are incorporated by reference as though fully set forth herein.

30.     Cardinal Brands owns and enjoys common law rights in and to the trademark ACCORDION under the laws of Kansas.

31.     Cardinal Brands has no control over the quality of goods offered by Beaux-Merzon under the name ACCORDION and accordingly, Beaux-Merzon's continued unauthorized use of this registered trademark will result in the loss of Cardinal Brands' goodwill associated with its own products sold under the registered trademark which will irreparably injure Cardinal Brands.

32.     Beaux-Merzon's acts as set forth herein constitute common law trademark infringement under the laws of Kansas.

33.     Beaux-Merzon's conduct as set forth in paragraphs 29 – 32 has damaged Cardinal Brands and will, unless restrained by this Court, further impair and damage the goodwill and good reputation of Cardinal Brands in its ACCORDION product line.

## COUNT IV:
## COMMON LAW UNFAIR COMPETITION -- NASB

34. Paragraphs 1 through 33 are incorporated herein by reference as though fully set forth.

35. Beaux-Merzon's unauthorized use of the registered trademark ACCORDION constitutes unfair competition with Cardinal Brands under the laws of Kansas.

36. Beaux-Merzon's acts of unfair competition have damaged Cardinal Brands, and will, unless restrained by this Court, continue to damage Cardinal Brands.

## **RELIEF SOUGHT**

WHEREFORE, Cardinal Brands prays for an order and judgment against Beaux-Merzon:

A. providing that Beaux-Merzon, its agents, employees and all others acting in concert or participation with it be preliminarily and permanently enjoined from: (1) further use of the name ACCORDION in connection with the sale, offering for sale, advertising and promotion of office products; (2) committing any other act likely to cause the public or trade to believe that Beaux-Merzon is in any manner connected, licensed, sponsored, affiliated or associated with Cardinal Brands or from otherwise competing unfairly with Cardinal Brands; (3) using ACCORDION as a metatag on any internet website;

B. ordering the impounding of all advertising and promotional materials which contain any use of or reference to the mark ACCORDION in conjunction with the sale of office products and ordering that such impounded material be delivered to Cardinal Brands for destruction;

C. providing that Beaux-Merzon account to Cardinal Brands for all profits derived from Beaux-Merzon's wrongful acts of trademark infringement and false designation of original and ordering that such profits be paid to Cardinal Brands

along with an award of costs and appropriate interest, pursuant to 15 U.S.C. § 1117, and that such monetary award be trebled;

D. awarding to Cardinal Brands its reasonable attorneys fees and such other compensatory damages and costs as this Court may determine to be fair and appropriate pursuant to 15 U.S.C. §1117;

E. awarding to Cardinal Brands three times the amount of Beaux-Merzon's profits or Cardinal Brands damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

F. awarding to Cardinal Brands such sum as is reasonably determined to be needed to compensate Cardinal Brands for corrective advertising required by the infringing activities of Beaux-Merzon; and

G. granting such other and further relief as this Court deems proper and necessary.

CARDINAL BRANDS HEREBY DEMANDS A TRIAL BY JURY FOR ALL ISSUES FOR WHICH A JURY TRIAL IS PROPER.

CARDINAL BRANDS HEREBY DESIGNATES KANSAS CITY, KANSAS AS THE PLACE FOR TRIAL OF THIS ACTION.

Respectfully submitted,

STINSON MORRISON HECKER LLP

By:    /s/ J. David Wharton
      J. David Wharton , KS #77818
           MO#20347
      1201 Walnut Street, Suite 2800
      Kansas City, MO 64106
      Phone: (816) 842-8600
      Fax:    (816) 691-3495

ATTORNEYS FOR PLAINTIFF
CARDINAL BRANDS, INC.